# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

TRACEY LALL,

    Plaintiff(s),

v.

CORNER INVESTMENT COMPANY, et al.,

    Defendant(s).

Case No. 2:20-cv-01287-JAD-NJK

**Order**

[Docket No. 54]

Pending before the Court is Plaintiff's motion to extend the discovery cutoff and subsequent deadlines established in the scheduling order. Docket No. 54. Defendants filed responses in opposition. Docket Nos. 55-56. Plaintiff filed a reply. Docket No. 57. The motion is properly decided without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the motion to extend is **GRANTED** in part and **DENIED** in part.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the diligence of the party seeking the extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).[1]

As a starting matter, Plaintiff's reply acknowledges that no further discovery remains with respect to Local 165 and, therefore, there is no reason to extend the discovery cutoff with respect to Local 165. Docket No. 57 at 10. Accordingly, the motion to extend will be denied as moot with respect to Local 165.

---

[1] Quoting an unpublished, out-of-circuit order, the motion contends that litigants do not generally comply with deadlines and that motions to extend deadlines in a scheduling order should be granted as a matter of course. Docket No. 54 at 5-6. This proposed approach runs counter to decades of Ninth Circuit authority. *See, e.g.*, *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006); *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994); *Johnson*, 975 F.2d at 610.

1

With respect to The Cromwell, the motion is premised on the fact that Plaintiff has propounded discovery through most of the discovery period[2] and that some discovery disputes continue to percolate.  *See* Docket No. 54 at 7-8; *see also* Docket No. 57 at 3-9.  While the Court does not opine herein as to the substance of the discovery disputes identified, the circumstances warrant a short extension of the discovery period.  The Court finds that a 30-day extension is warranted, rather than the 60-day extension sought.  Accordingly, the motion to extend will be granted in part and denied in part with respect to The Cromwell.

Accordingly, Plaintiff's motion to extend is **GRANTED** in part and **DENIED** in part.  Deadlines are hereby **SET** as follows:

- Amend pleadings/ add parties:  closed
- Initial experts:  closed
- Rebuttal experts:  closed
- Discovery cutoff as to Local 165:  June 18, 2021
- Discovery cutoff as to The Cromwell:  July 19, 2021
- Dispositive motions:  August 18, 2021
- Joint proposed pretrial order:  September 17, 2021, or 30 days after resolution of dispositive motions

Although the Court is granting an extension, it is not inclined to continue doing so in the future based on the mere existence of discovery disputes.  The remaining time provided herein must be used to diligently complete the meet-and-confer process and, to the extent necessary, to move for an order to compel from the Court that actually establishes discovery deficiencies.

IT IS SO ORDERED.

Dated: June 15, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] The parties present competing visions as to when discovery begins.  *Compare* Docket No. 55 at 5 *with* Docket No. 57 at 2.  Discovery may generally proceed once the parties have conducted the Rule 26(f) conference.  *See* Fed. R. Civ. P. 26(d)(1).