1

2

3

4

5

6

7

8

9

10

11

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TRACEY LALL,

      Plaintiff(s),

v.

CORNER INVESTMENT COMPANY, et al.,

      Defendant(s).

Case No. 2:20-cv-01287-JAD-NJK

**Order**

[Docket No. 62]

12      Pending before the Court is Plaintiff's motion to extend the dispositive motion deadline.

13 Docket No. 62. Although Defendant Corner Investment disagrees with the characterizations in the

14 motion, it does not oppose the extension requested. Docket No. 65. Defendant Unite Here also

15 does not oppose the motion. Docket No. 64.

16      A request to extend unexpired deadlines in the scheduling order must be premised on a

17 showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns

18 on whether the subject deadlines cannot reasonably be met despite the diligence of the party

19 seeking the extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).[1]

20      The circumstances presented in the motion raise concern. Plaintiff seeks an extension

21 based on a discovery dispute arising out of the need for a protective order that has been percolating

22 since May. *See* Docket No. 62 at 2, 5-6. Agreeing on a protective order is a routine matter that

23

24

---

25       [1] Quoting an unpublished, out-of-circuit order, the motion contends that litigants do not generally comply with deadlines and that motions to extend deadlines in a scheduling order should be granted as a matter of course. Docket No. 62 at 4. This proposed approach runs counter to

26 decades of Ninth Circuit authority. *See, e.g.*, *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006); *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005);

27 *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994); *Johnson*, 975 F.2d at 610. The Court has already identified this issue in this case. Docket No. 58 at 1 n.1. The parties are expected

28 to heed the Court's orders moving forward.

1

1  should almost always be non-controversial and it is certainly not a matter that should takes months

2  to address.

3          Moreover and significantly, the instant motion ignores the Court's previous order issued in

4  this case.  On June 15, 2021, the Court cautioned that the mere existence of discovery disputes

5  would likely not suffice for further continuances:

> Although the Court is granting an extension, it is not inclined to
> continue doing so in the future based on the mere existence of
> discovery disputes. The remaining time provided herein must be
> used to diligently complete the meet-and-confer process and, to the
> extent necessary, to move for an order to compel from the Court that
> actually establishes discovery deficiencies.

10  Docket No. 58 at 2.  Notwithstanding that explicit warning, the parties have now returned to the

11  Court months later with a request to extend deadlines based entirely on the existence of discovery

12  disputes.

13          Nonetheless, as a one-time courtesy to the parties, the Court will grant the unopposed

14  extension.  Counsel must <u>immediately</u> confer in good faith on a protective order and promptly file

15  a request for the Court to enter the same.  **The Court will not grant further extensions**.

16          Consistent with the caveats provided above, Plaintiff's motion to extend is **GRANTED**.

17  Deadlines are hereby **SET** as follows:

18  - Amend pleadings/ add parties:  closed

19  - Initial experts:  closed

20  - Rebuttal experts:  closed

21  - Discovery cutoff:  closed

22  - Dispositive motions:  November 17, 2021

23  - Joint proposed pretrial order:  December 17, 2021, or 30 days after resolution of

24     dispositive motions

25  IT IS SO ORDERED.

26  Dated: October 8, 2021

27  _____

28  Nancy J. Koppe
    United States Magistrate Judge

2