1   JACQUELINE A. GODOY, ESQ
    Nevada Bar No. 11385
2   jgodoy@stokeswagner.com
    600 West Broadway, Suite 910
3   San Diego, CA 92101

4   JOHN BENEDICT, ESQ
    john@benedictlaw.com
5   2190 E. Pebble Rd. Suite 260
    Las Vegas, NV 89123
6   Telephone: (702) 333-3770
    Facsimile:  (702) 361-3685
7
    *Attorneys for Defendant CORNER INVESTMENT*
8   *CO dba THE CROMWELL HOTEL AND CASINO*

9                **UNITED STATES DISTRICT COURT**
                 **FOR THE DISTRICT OF NEVADA**
10

11

12
    TRACEY LALL,                          Case No.  2:20-cv-01287-JAD-NJK
13
              Plaintiff,
14                                        **STIPULATED PROTECTIVE ORDER**
    v.                                    **GOVERNING CONFIDENTIALITY OF**
15                                        **DOCUMENTS AND [PROPOSED] ORDER**

16  CORNER INVESTMENT CO, dba THE
    CROMWELL HOTEL AND CASINO, a
17  domestic limited liability company, CAESARS
    ENTERTAINMENT INC., a foreign corporation;
18  CAESARS GROWTH CROMWELL, a foreign
    limited liability company; UNITE HERE
19  BARTENDERS UNION, LOCAL NO. 165, a
    labor union, DOES 1-20; and ROE
20  CORPORATIONS 1-20, inclusive,

21            Defendants.

22

23

24

25

26

27

28
    ────────────────────────────────────────────
    STIPULATION AND [PROPOSED] PROTECTIVE ORDER

This Stipulated Protective Order is entered into by and between Plaintiff TRACEY LALL ("Plaintiff") and Defendants CORNER INVESTMENT CO. dba THE CROWELL HOTEL AND CASINO and UNITE HERE BARTENDERS UNION, LOCAL NO. 165 (collectively "Defendants"). Plaintiff and Defendants are hereinafter collectively referred to as "the Parties." Reference is made to the following facts:

A.      The Parties possess financial and accounting documents, trade secrets, proprietary information and other confidential information that they desire to keep confidential, which may be obtained through discovery in this case.

B.      To protect the privacy, confidentiality, and proprietary interests of the Parties and non-parties to discovery produced in this case, the Parties desire to stipulate to a protective order sanctioned by the Court to protect such financial and accounting documents, trade secrets, propriety information, and other confidential information from unnecessary disclosure.

ACCORDINGLY, the Parties, by and through their respective attorneys of record, STIPULATE AND AGREE to the following protective order governing confidentiality of documents:

1.      Scope of the Order. This Stipulated Protective Order covers all documents and information designated "Confidential" or produced in connection with any discovery undertaken in this case. Information marked "Confidential" shall be collectively referred to herein as "Confidential Discovery." This Stipulated Protective Order is intended to cover all discovery propounded and answered by any Party and depositions wherein "Confidential" information is used or discussed, including any copies, excerpts, summaries, or compilations thereof, but is limited to discovery conducted on or after the date the Parties sign this Stipulated Protective Order. Even after termination of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a designating Party agrees otherwise in writing or a court order otherwise directs. This Stipulated Protective Order is entered into as to this case only.

2.      Designation of Confidential Discovery. The Parties may designate Confidential Discovery as subject to this Order by stamping on or otherwise permanently affixing to such material prior to its production the designation "Confidential". In the event that a Party in good faith believes

4848-9788-0840.1

that particular material requested to be produced or disclosed is of such a highly sensitive nature that its disclosure should be limited to only those persons described in Paragraph 6 herein below, it shall stamp on or otherwise permanently affix to such material prior to its production the designation "Confidential". Said respective designations shall be stamped or affixed so as to not obscure or deface the material or any portion of its contents.

3.    Designation Procedure. Confidential Discovery shall be designated or deemed confidential as follows:

(A)    In the case of deposition testimony:

(i)    The Parties may designate testimony by any individual at the time of the deposition or by written notice to all counsel of record within 14 business days after receipt of the written transcript. The entire transcript (including, without limitation, typed transcriptions, electronically stored information, audiotapes and videotapes) and all exhibits thereto shall be deemed confidential under the terms of this Protective Order during the 14-day period. The portions of a transcript designated as "Confidential" at the time of the deposition or during this 14-day period, shall be treated as Confidential Discovery thereafter and in accordance with the terms of this Stipulated Protective Order.

(ii)    Each deposition transcript of any deposition of any individual taken in this action shall bear the following prominent and conspicuous legend on the cover of each volume of said deposition transcript, the placement of which shall be the responsibility of the court reporter after being so advised of the necessity for this legend by the party making the confidentiality claim:

"THE CONTENTS OF THIS TRANSCRIPT ARE CONFIDENTIAL AND ARE  SUBJECT TO A PROTECTIVE ORDER  ISSUED  BY  THE UNITED  STATES  DISTRICT  COURT,  DISTRICT  OF  NEVADA. UNAUTHORIZED ACCESS TO, USE OF, OR DISCLOSURE OF ANY PART OF THIS TRANSCRIPT IS A VIOLATION OF COURT  ORDER. A COPY OF SAID ORDER IS CONTAINED HEREIN."

3

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

4848-9788-0840.1

(iii)    Each such deposition transcript shall also contain a copy of this Order immediately following the cover page.

(iv)    Any depositions of any individual taken and recorded in this action other than by stenographic means, including without limitation depositions recorded by audiotape or videotape, shall state at the commencement thereof that the contents of the deposition are confidential and are subject to a protective order issued by the United States District Court, District of Nevada. No copies will be made of any such audio or video recording unless necessary for preparation for trial or other proceeding in the case and, in that event, any person or entity making such a copy will be subject to and comply with this Order. Each such audio or video recording shall have affixed to its exterior the following legend, the placement thereon which shall be the responsibility of the court reporter after being so advised of the necessity for this legend by the Party making the confidentiality claim:

"THE CONTENTS OF THIS TAPE ARE CONFIDENTIAL AND ARE

SUBJECT TO A PROTECTIVE ORDER ISSUED BY THE UNITED

STATES DISTRICT COURT, DISTRICT OF NEVADA

UNAUTHORIZED ACCESS TO, USE OF, OR DISCLOSURE OF

ANY PART OF THIS TAPE IS A VIOLATION OF COURT ORDER."

(B)    In the case of the production of documents the Parties may designate such discovery confidential by stamping on such discovery: "Confidential" or words to that effect at the top of each page that contains Confidential Discovery information. If only a portion or portions of the material on a page qualifies for protection, the designating Party also must clearly identify the protected portion(s) and must specify for each portion, the level of protection being asserted ("Confidential").

(C)    When responding to written discovery in this action (including, without limitation, responses to interrogatories, requests for admission, requests for production of documents or things, subpoena duces tecum, among others), the Parties may designate such responses as confidential by stamping on such responses: "Confidential" or words to that effect on the first page of any such

1    discovery response and at the top of each page that contains the Confidential Discovery information.

2           (D)    In the case of discovery produced by any third party, pursuant to subpoena or

3    otherwise, all such discovery shall be deemed confidential under this Order for a period of thirty (30)

4    days after service, during which period, counsel for either of the Parties may designate such discovery

5    as confidential, in whole or in part, by written notice served upon all counsel of record. Thereafter, all

6    Parties who have received such discovery shall stamp "Confidential" or words to that effect on the

7    first page of each such document or other thing and each shall be deemed confidential pursuant to this

8    Order.

9           4.    <u>Inadvertent Failure to Designate</u>. If corrected within sixty (60) days of production,

10   an inadvertent failure to designate qualified information or document as "Confidential" does

11   not, standing alone, waive the designating Party's right to secure protection for such material under

12   this Stipulated Protective Order. If material is appropriately designated as "Confidential" after the

13   material was initially produced, the receiving Party, on timely notification of the designation, must

14   make reasonable efforts to assure that the material is treated in accordance with the provisions of this

15   Stipulated Protective Order.

16          5.    <u>Objection to "Confidential" Designation</u>. If any Party disagrees with the

17   "Confidential" designation of any document, the Party so disagreeing shall, no later than 30 days after

18   the date upon which the "Confidential" document was produced and/or designated as such, notify by

19   written notice, served on all Parties in the case, that the Party disagrees with the designation of the

20   document as "Confidential", and shall in the notice both identify the document at issue and state the

21   reasons why the challenging Party disagrees with the particular designation of the document. The

22   Parties must then meet and confer and attempt to resolve the dispute informally. If the Parties are

23   unable to resolve any document designation dispute informally, the dispute may be presented by

24   motion to the Court by the Party challenging the designation of the document. Before the Court, the

25   Party who has designated the document shall have the burden of proving that such document contains

26   Confidential Discovery of a nature justifying the particular designation. Until the Court rules on the

27   challenge, all Parties shall continue to afford the material in question the level of protection to which

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
4848-9788-0840.1

1   it is entitled under the Party's designation. The prevailing Party on a motion to the Court that

2   challenges the designation of a document shall be entitled to recover from the opposing Party its costs

3   and reasonable attorneys' fees associated with bringing or opposing the motion before the Court,

4   unless and if any of the circumstances set forth in Rule 37(a)(5) of the Federal Rules of Civil Procedure

5   are found to exist.

6          6.     Recipients of Discovery Marked "Confidential". Discovery deemed or marked

7   "Confidential" may be disclosed by the receiving Party only to the following persons, and may be

8   used only for the purpose of prosecuting or defending claims asserted in this action:

9          (A)    The attorneys of record for the receiving Party and (i) their employees and (ii)

10  outside legal support service personnel to whom the attorneys of record reasonably believe it

11  necessary to show the documents for purposes of this litigation, (who execute the "Promise of

12  Confidentiality" attached hereto as Exhibit "A";

13         (B)    In-house attorneys for any Party;

14         (C)    Experts and consultants and their employees who, prior to receiving documents

15  or information designated as Confidential, sign the Promise of Confidentiality (attached as Exhibit

16  "A") that such person has read and agrees to abide by this Order;

17         (D)    The Court and court personnel pursuant to the procedures set forth herein;

18         (E)    Persons to whom the documents are otherwise lawfully available outside of this

19  litigation, such as third-party authors or recipients;

20         (F)    The receiving Party or representatives of a receiving Party, including officers,

21  directors and employees of the receiving Party to whom attorneys for the receiving Party believe it is

22  necessary that the documents be shown for purposes of this litigation. Prior to receiving documents

23  or information designated as Confidential, each representative shall sign the Promise of

24  Confidentiality (attached as Exhibit "A" hereto) that such representative has read and agrees to abide

25  by this Order;

26         (G)    Witnesses during the course of depositions; and

27  //

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

4848-9788-0840.1

(H)     Such other persons as are designated by written agreement by the Party who has designated the discovery as confidential or by Court order.

7.     <u>Procedure for Requesting Disclosure of "Confidential" Discovery to Named Parties</u>. Discovery marked "Confidential" may not be disclosed to the named Parties in this case unless the attorney of record for the Party to whom the "Confidential" information is to be revealed first advises opposing counsel in writing of the intent to disclose such information to the client, specifically identifies information to be disclosed and opposing counsel consents in writing to such disclosure. Any counsel receiving a written request from opposing counsel to disclose "Confidential" information to a Party shall respond in writing to the request, indicating whether the request is granted or denied. The Parties and their counsel agree to provide timely responses to a written request from opposing counsel to disclose "Confidential" information to a Party. For purposes of this Stipulation, the Parties and their counsel agree that a response to opposing counsel's written request to disclose "Confidential" information to a Party shall be provided by no later than ten (10) calendar days from the date of receipt of the written request to disclose "Confidential" information to a Party. The Parties and their counsel further agree that they shall meet and confer in an effort to resolve any issue concerning disclosure of "Confidential" information to a Party. If the Parties are unable to informally resolve any dispute involving disclosure of "Confidential" information to a Party, the dispute may be presented by motion to the Court by the Party seeking to disclose such information to a Party. Before the Court, the Party requesting disclosure of "Confidential" information to a Party shall have the burden of proving that good cause and substantial justification exists for the disclosure of such information to a Party in the case. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Party's designation. The prevailing Party on a motion to the Court that seeks disclosure of "Confidential" Discovery to a Party shall be entitled to recover from the opposing Party its costs and reasonable attorneys' fees associated with bringing or opposing the motion before the Court unless and if any of the circumstances set forth in Rule 37(a)(5) of the Federal Rules of Civil Procedure are found to exist by the Court.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
4848-9788-0840.1

8.      Except as provided herein, Confidential Discovery shall not be disclosed to any non-party.

9.      <u>Confidential Discovery Subpoenaed or Ordered Produced in Other Litigation</u>. If a receiving Party is served with a subpoena or a court order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential", the receiving Party must so notify the designating Party, in writing (by e-mail or fax) immediately and in no event more than five (5) days after receiving the subpoena or court order. Such notification must include a copy of the subpoena or court order.

The receiving Party must also immediately inform in writing the person or entity that caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order. In addition, the receiving Party must deliver a copy of this Stipulated Protective Order promptly to the issuing person or entity in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The designating Party shall bear the burden and the expenses of seeking protection in that court of its confidential material. The receiving Party shall reasonably cooperate with the designating Party in the latter's efforts to seek protection of its confidential materials, including providing written evidentiary declarations if requested; provided, however, that nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

10.      <u>Unauthorized Disclosure of Confidential Discovery</u>. If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery to any person or in any circumstance not authorized under this Stipulated Protective Order, the receiving Party must immediately (a) notify in writing the designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Discovery; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order and (d) request such person to

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
4848-9788-0840.1

1  execute the "Promise of Confidentiality" (attached hereto as Exhibit "A").

2        11.     <u>Conditions to be Met Prior to Disclosure</u>. Before any information marked

3  "Confidential" is disclosed to any persons described in Paragraph 6 above, other than the Court and

4  the attorneys of record for the Parties, the attorney(s) for the Party attempting disclosure shall fully

5  explain the terms of this Order and shall advise the attorneys' support staff and any expert or

6  consultant that the Confidential Discovery is subject to this Order and the limitations imposed by this

7  Order on the persons to whom such Confidential Discovery can be disclosed. Further, the attorney(s)

8  for the Party attempting disclosure shall have such persons read the Order and shall ascertain to the

9  best of the attorneys' abilities that such persons fully understand the terms of the Order. However,

10  before any of these obligations shall exist, the Party producing discovery marked "Confidential" shall

11  first advise counsel for the other Party that discovery is being so provided and shall send discovery by

12  a means that states prominently on the envelope and/or document itself that the package and/or

13  document contains "CONFIDENTIAL INFORMATION."

14        12.     <u>Preservation of Objections to Discovery; Waiver of Certain Grounds for Objection</u>.

15  This order shall not constitute a waiver of the Parties' rights to object to discovery on any grounds,

16  including but not limited to the grounds that the information sought is privileged, contains trade

17  secrets, confidential financial information, privileged information, proprietary information,

18  confidential business information, or confidential personal information. No Party to this Agreement,

19  however, shall refuse to produce documents or disclose information solely on the grounds the

20  requested information or documents contain confidential or proprietary information.

21        ~~13.~~     ~~Filing with the Court~~. ~~The Parties acknowledge that this Stipulated Protective Order~~

22  ~~does not confer blanket protections on all disclosures or responses to discovery and that the protection~~

See order issued
concurrently herewith

~~disclosure and use extends only to the limited information or items that are~~

~~tial treatment under the applicable legal principles. The parties further~~

25  ~~acknowledge, that this Stipulated Protective Order does not entitle them to file confidential~~

26  ~~information under seal; Civil Local Rule IA 10-5 [Sealed Documents] of the United States District~~

27  ~~Court, District of Nevada sets forth the procedures that must be followed and the standards that will~~

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

4848-9788-0840.1

1  be applied when a party seeks permission from the court to file material under seal. Accordingly, the
2  Parties will comply with Civil Local Rule IA 10-5 [Sealed Documents] of the United States District
3  Court, District of Nevada. The Parties further agree that when filing Confidential Discovery
4  documents under seal, or any pleading or memorandum that includes or purports to reproduce or
5  paraphrase any Confidential Discovery, said documents shall be filed in sealed envelopes or other
6  appropriate sealed containers on which shall be endorsed the title of this action, an indication of the
7  nature of its contents, the word "Confidential," and a statement substantially in the following form:

8      "Confidential. The enclosed documents are being filed in compliance with Civil
9      Local Rule IA 10-5 [Sealed Documents] of the United States District Court,
10     District of Nevada, and pursuant to Stipulated Protective Order. Not to be opened
11     or the contents thereof displayed or revealed, except by Order of the Court or
12     pursuant to written stipulation of the Parties to this action."

13     14.     Use of Confidential Discovery. Confidential Discovery disclosed pursuant to this
14  Stipulated Protective Order shall not be used other than for the purposes of this action. Documents
15  disclosed pursuant to this Stipulated Protective Order may be used in connection with any trial or
16  other proceeding in this case, including motions. The use of any document designated "Confidential"
17  or "Confidential – Attorneys/Experts Only" under the terms of this Stipulated Protective Order, at trial
18  will be subject to this Stipulated Protective Order and Local Rule IA 10-5.

19     15.     Return of Confidential Discovery. Within sixty (60) days after expiration of any and
20  all appeals or time periods to appeal in this action, all Confidential Discovery, including all copies,
21  notes, renderings, compilations, recordings, lists, microfilms, photographs, videos, or other references
22  thereof or thereto, shall be returned to the counsel of record for the Party who produced it or, at the
23  option of the person then in possession of the Confidential Discovery, destroyed. If counsel chooses
24  to destroy the documents rather than return them, counsel shall notify counsel for the Party who
25  produced such documents in writing of their destruction, including specifically, the date, time, place
26  and manner of destruction. Notwithstanding this provision, counsel are entitled to retain an archival
27  copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
4848-9788-0840.1

1   product, even if such materials contain Confidential Discovery. Any such archival copies that contain

2   or constitute Confidential Discovery remain subject to the Stipulated Protective Order as set forth in

3   Paragraph 1, above.

4          16.    Order Binding Upon Successors and Assigns. All the terms of this Stipulated

5   Protective Order as to the designation of "Confidential" documents for the purposes of this case shall

6   be binding upon and inure to the benefit of the Parties hereto and to their successors and assigns.

7          17.    Electronic Signatures. The Parties may submit electronic executed copies of their

8   signatures which shall be enforceable as original wet ink signatures.

9          18.    Execution in Counter-Parts. This Stipulated Protective Order may be executed in

10  counterparts, and when so executed, each counterpart shall be deemed to be an original and shall

11  constitute one and the same instrument which may be sufficiently evidenced by one counterpart.

12         19.    Filing of this Stipulation and Protective Order. After this Stipulation and Protective

13  Order has been signed by counsel for all Parties, it shall be presented to the Judge for entry.  Counsel

14  agree to be bound by the terms set forth herein with regard to any "Confidential" Materials that have

15  been produced before the Judge signs this Stipulation and Protective Order. The Parties and all

16  signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and

17  Protective order pending its approval and entry by the Judge.  In the event that the Judge modifies this

18  Stipulation and Protective Order, or in the event that the Judge enters a different Protective order, the

19  Parties agree to be bound by this Stipulation and Protective order until such time as the Judge may

20  enter such a different Order.  It is the Parties' intent to be bound by the terms of this Stipulation and

21  Protective Order pending its entry so as to allow for immediate production of Confidential Materials

22  under the terms herein.

23  //

24  //

IT IS SO ORDERED.
Dated:  October 20, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

4848-9788-0840.1

1    **IT IS SO STIPULATED.**

2

3    DATED this 19th day of October 2021.          DATED this 19th day of October 2021.

4

5    By: */s/ Michael J. McAvoy-Amaya*              By: */s/ John Benedict*

6        Michael J. McAvoy-Amaya, Esq.                 John Benedict, Esq.
         1100 East Bridger Ave.                        Jacqueline A. Godoy, Esq
7        Las Vegas, Nevada 89101                       2190 E. Pebble Rd. Suite 260
         Telephone: (702) 299-5083                     Las Vegas, NV 89123
8        *Attorney for Plaintiffs*                     *Attorneys for Defendant CORNER*
                                                       *INVESTMENT CO dba THE*
9                                                      *CROMWELL HOTEL AND CASINO*

10

11   DATED this 19th day of October 2021.

12

13   By: */s/ Luke N. Dowling*

14       Luke N. Dowling (*Admitted Pro Hac Vice*)
         McCracken, Stemerman & Holsberry, LLP
15       595 Market Street, Suite 800
         San Francisco, CA 94105
16       Telephone: (415) 597-7200 ext. 2092
         *Attorneys for Defendant UNITE HERE*
17       *Bartenders Local 165*

18

19

20

21

22

23

24

25

26

27

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

4848-9788-0840.1

## EXHIBIT "A"

## PROMISE OF CONFIDENTIALITY

I, _____, declare as follows:

1.      My [business or residential] address is _____,

_____and my present occupation is _____.

2.      I have received a copy of the STIPULATED PROTECTIVE ORDER regarding

Confidential Discovery in the action entitled *TRACY LALL v. CORNER INVESTMENT CO. dba*

*THE CROWELL HOTEL AND CASINO, et al.*, filed in the United States District Court, District of

Nevada as Case No. 2:20-cv-01287-JAD-NJK.

3.      I will comply with all of the provisions of the STIPULATED PROTECTIVE

ORDER. I will hold in confidence, will not disclose to anyone other than those persons specifically

authorized by the STIPULATED PROTECTIVE ORDER, and will not copy or use except for

purposes of the litigation, any documents or information designated "Confidential."

4.      I will return any materials received under this STIPULATED PROTECTIVE

ORDER at the conclusion of the instant case, to the Party or its counsel who originally provided said

materials to me.

5.      I hereby stipulate to the jurisdiction of the United States District Court, District of

Nevada with regard to any proceeding to enforce the terms of the STIPULATED PROTECTIVE

ORDER against me.

I declare under penalty of perjury under the laws of the United States of America that the

forgoing is true and correct and that this PROMISE OF CONFIDENTIALITY was executed on this

_____ day of _____, 2020, in _____ (City, State)

Full Name (Printed):_____   Signature: _____

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

4848-9788-0840.1