UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Tracey Lall,

        Plaintiff

v.

Corner Investment Company (d/b/a The Cromwell Hotel and Casino), et al.,

        Defendants

Case No. 2:20-cv-01287-CDS-NJK

**Order Granting Defendants' Motion for Summary Judgment, Denying Plaintiff's Motion for Summary Judgment, and Closing Case**

[ECF Nos. 73, 77]

    The pending motions could have—and indeed, should have—been fully resolved at the most recent hearing. Unfortunately, plaintiff Tracey Lall's counsel, Michael Mcavoyamaya, rendered that impossible. I decided to hold the hearing to clarify some issues with the parties. But Mcavoyamaya's numerous misrepresentations, contradictions, and overall lack of preparation at that hearing muddied the waters to the point that I could not confidently rule on certain claims without taking them under advisement. At the hearing, I questioned Mcavoyamaya about the misrepresentations and contradictions pervasive throughout his various filings,[1] but he failed to point me to evidence in support of his positions and instead doubled down, insisting—often without evidentiary or legal support—that he was correct.

---

[1] Mcavoyamaya's briefs are replete with errors and inconsistencies. For example, he confusingly styles his response brief to the defendants' summary-judgment motion as his own "motion for summary judgment" and repeatedly urges that the court should grant summary judgment in Lall's favor, rather than arguing against summary judgment in the defendants' favor. *See generally* ECF No. 94. Further, he writes a heading that states: "[t]he Cromwell did not engage in the interactive process" with respect to the Americans with Disabilities Act (ADA), but in the next breath, he provides a clear example of the defendants engaging in that process, conceding that Lall "does not dispute that [d]efendants asked her repeatedly if her doctor wanted her to have restrictions or accommodations in some of the due process meetings." *Id.* at 30. Perhaps the best example of Mcavoyamaya's misstatements of the evidence is a 7.5-page chart that the defendants created to compare a non-exhaustive list of his "alleged undisputed facts" to a summary of the evidence cited. ECF No. 92 at 15–22. Mcavoyamaya also failed to notify the court or the defendants of his intent to drop the FMLA claim until the recent hearing, despite the claim being raised in the defendants' summary-judgment motion. *See* ECF Nos. 73, 94, 117. And, during the hearing, Mcavoyamaya

Such conduct is unbefitting of an attorney appearing in this court. I strongly caution Mcavoyamaya that if he practices in this court again, he must carefully follow the local rules and demonstrate proper courtroom decorum. He must also comply with all of the Nevada Rules of Professional Conduct, including to represent his clients with competence and diligence and to display candor to the tribunal. These are among the oaths he swore nearly seven years ago when he became a barred attorney in Nevada. Put plainly, his approach to litigating this case has placed the court on notice of his apparent disregard for proper procedure, and if he fails to comply with his various obligations as an attorney in this court in the future, I will not hesitate to take appropriate action.[2]

I. **The cross-motions for summary judgment (ECF Nos. 73, 77)**

I now turn to the pending motions themselves. This case arises out of Lall's termination from The Cromwell Hotel and Casino in January 2020, where she worked as a bartender and was purportedly harassed, discriminated against, and subjected to retaliation. Lall generally alleges that she was fired for having cash shortages but believes that was a pretextual reason—she asserts that she was actually fired in retaliation for seeking accommodations due to her cancer diagnosis. The Cromwell defendants[3] seek summary judgment on Lall's remaining claims. ECF No. 73. And Lall cross-moves for partial summary judgment on them. ECF No. 77.

---

made representations regarding a non-existent filing that was allegedly previously "accepted" and was therefore "law of the case."

[2] Canon 3(b)(6) of the Code of Conduct for United States Judges provides that "[a] judge should take appropriate action upon receipt of reliable information indicating the likelihood that . . . a lawyer violated applicable rules of professional conduct."

[3] The three non-union defendants include Corner Investment Co. (doing business as The Cromwell Hotel and Casino); Caesars Entertainment, Inc.; and Caesars Growth Cromwell. I refer to them throughout this order as "the Cromwell defendants." In their motion for summary judgment, they note that neither of the Caesars entities "employed [p]laintiff or had any influence over her employment. Moreover, [p]laintiff alleges no facts specific to either [of the Caesars entities]. For that reason, the grant of summary judgment as to The Cromwell would also summarily adjudicate [p]laintiff's claims against these two entities." ECF No. 73 at 2, n.1. The defendants represented the same at the recent hearing. ECF No. 117. And Lall does not refute this. So although I refer collectively to "the Cromwell defendants" throughout this order, I note that the conduct at issue—based on the representations of all parties—involves The Cromwell only, not the two Caesars entities.

As discussed supra, on March 10, 2023, I held a hearing in this case and heard oral argument from the parties on the (then-three) pending motions for summary judgment. ECF No. 117. On the record during that hearing, I granted summary judgment in favor of all defendants on Lall's hybrid claim under the Labor Management Relations Act (LMRA).[4] Also at the hearing, Lall represented that she no longer wished to pursue her claim under the Family and Medical Leave Act (FMLA). Thus, the only five remaining claims are those that Lall brings under the ADA for discrimination, retaliation, and harassment and the state-equivalent claims for discrimination and retaliation under Nevada Revised Statutes (NRS) §§ 613.330(1) and 613.340(1). For simplicity, I refer to these five claims throughout this order as the "ADA claims."

     a.    *Legal standard*

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). At the summary-judgment stage, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed; the case must then proceed to the trier of fact. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). Once the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323. "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial." *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018). "When simultaneous cross-motions

---

[4] In doing so, I granted summary judgment in the union's favor on the sole claim against it. ECF Nos. 72; 117. As such, Local 165 has been terminated from the case.

for summary judgment on the same claim are before the court, the court must consider the appropriate evidentiary material identified and submitted in support of"—and against—"both motions before ruling on each of them." *Tulalip Tribes of Wash. v. Washington*, 783 F.3d 1151, 1156 (9th Cir. 2015) (citing *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1134 (9th Cir. 2001)).

> b.  *Because they are time-barred, I grant the defendants summary judgment on Lall's pre-termination ADA claims.*
>
>> 1.  Relevant timeline of events[5]

Lall started working for The Cromwell in April 2014. ECF No. 51 at ¶ 11. She was diagnosed with breast cancer and began radiation treatment in August 2016. *Id.* at ¶ 13. She alleges that she does not know exactly when—but "probably" in 2015 or 2016—she asked her supervisor, Michael Norby, if she could use a guest restroom while at work, instead of an employee restroom—a request that she alleges was denied. Lall Dep., ECF No. 83 at 40–41. She further explained that she never spoke to anyone in human resources about this request, nor did she ask anyone other than Norby for such an accommodation. *Id.* at 41.

Throughout 2017 and 2019, Lall experienced minor tremors/seizures at work. ECF No. 51 at ¶¶ 14–15, 18, 20, 26, 31, 133. On two of these occasions, she alleges that she was sent home after the seizures occurred; the last instance of her being sent home because of the seizures was on March 16, 2018. *Id.* at ¶¶ 14, 18. In mid-2018, Lall alleges that she was bullied by a coworker who followed her into a bathroom stall and videotaped her as Lall was having a seizure. *Id.* at ¶ 20. In August 2019, Lall had another seizure at work and was allegedly asked to take a drug test by a Cromwell security officer. *Id.* at ¶ 31. Lall refused to take the test and was suspended "with no explanation for why[.]" *Id.* Lall was ultimately terminated on January 11, 2020, "for a supposed cash shortage of $67.00." *Id.* at ¶ 40. She then filed this lawsuit on July 10, 2020, and a charge was

---

[5] Because the facts of this case are known to the parties and were discussed at length at the recent hearing, I discuss the facts in this order only to the extent that they are necessary for my ruling. But I provide this timeline, based on Lall's complaint and deposition testimony, for some context.

filed with the Nevada Equal Rights Commission (NERC) and the Equal Employment Opportunity Commission (EEOC) on October 13, 2020. *Id.* at ¶ 50; ECF No. 1.

### 2. Law on statute of limitations

Under Title VII of the Civil Rights Act of 1964, a plaintiff has 300 days after an "alleged unlawful employment practice occurred" in which to file an employment-discrimination charge with the EEOC. 42 U.S.C. § 2000e-5(e)(1); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). "Because the ADA adopts the procedural requirements of Title VII, including the EEOC filing requirement, this principle holds equally true for ADA suits[.]" *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000) (citing 42 U.S.C. § 12117(a)), *overruled on other grounds by Socop-Gonzalez v. INS*, 272 F.3d 1176, 1194–96 (9th Cir. 2001) (en banc). And in Nevada, a plaintiff must bring a lawsuit based on the alleged discrimination no more than 180 days after the date of the allegedly discriminatory act. Nev. Rev. Stat. § 613.430(1)(a).

### 3. Discussion

Lall's ADA claims have two factual bases: (1) events that occurred while she was still a Cromwell employee (*i.e.*, before she was terminated) and (2) the termination itself. ECF No. 51. Throughout this order, I call those in the first category her "pre-termination claims" and those in the second category her "termination claims." The defendants argue that the pre-termination claims are barred by the statute of limitations because they all occurred more than 300 days before Lall filed a charge with NERC and the EEOC. ECF No. 73 at 23–24. Lall responds that the claims are timely because Lall's discipline throughout 2019—although occurring outside of the 300-day window—are what the defendants considered when terminating Lall. ECF No. 94 at 24. In her response brief, Lall cites no authority for this proposition.

At the recent hearing—and also, for the very first time, in her reply brief in support of her summary-judgment motion—she relied on the "continuing violation doctrine," urging that the Cromwell defendants engaged in "a systematic policy of discrimination" that would render as timely those events occurring outside of the statute-of-limitations, as long as one event (here,

the termination) fell within it. ECF No. 100 at 10–11. It is well established that "arguments raised for the first time in a reply brief are waived." *Autotel v. Nev. Bell Tel. Co.*, 697 F.3d 846, 852 n.3 (9th Cir. 2012) (quoting *Turtle Island Restoration Network v. U.S. Dep't of Commerce*, 672 F.3d 1160, 1166 n.8 (9th Cir. 2012)). Because of that, I decline to consider Lall's argument from her reply brief and rely instead on the argument—albeit limited and unsupported by authority—in her motion.[6]

Her conclusory statement that the pre-termination claims were timely is insufficient to demonstrate that they were. Further, at the hearing, Lall conceded that some of the pre-termination claims fell outside the 300-day time limit, explaining that because Lall was terminated based on progressive discipline, those pre-termination events are evidence that supports the termination-based claim. ECF No. 117. It is true that the events leading up to Lall's termination—regardless of whether they occurred in 2015, 2019, or anytime in between—could be evidence of discrimination supporting Lall's termination claim. The defendants do not dispute that. But because the only adverse employment action that occurred within 300 days of the EEOC charge's filing is the termination itself, none of the other pre-termination incidents can serve as the bases for individual claims.[7] They were untimely filed. So I grant the Cromwell

---

[6] I note that Lall could have raised this continuing-violation-doctrine theory in at least two of her briefs, including her response to the Cromwell defendants' motion for summary judgment and her own summary-judgment motion, but she failed to do so in either. The Ninth Circuit "has repeatedly admonished that we cannot 'manufacture arguments for an appellant'" or party. *Indep. Towers v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (quoting *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994)).

[7] Notably, in the Title VII context, the United States Supreme Court has found that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180– or 300–day time period after the discrete discriminatory act occurred. The existence of past acts and the employee's prior knowledge of their occurrence, however, does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed. Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim." *Nat'l R.R. Passenger Corp.*, 536 U.S. at 113. So even if Lall had properly briefed her continuing-violation theory, such a theory would fail and the result would be the same. The only possible claim that could have survived on the continuing-violation theory is the claim for harassment/hostile work environment. *See id.* at 115–21 (finding that "[i]t is precisely because the entire hostile work environment encompasses a single unlawful employment practice that we do not hold, as have some of the Circuits, that the plaintiff may not base a suit on individual acts that occurred outside the statute of limitations unless it would

defendants summary judgment on claims two through six (the ADA claims and equivalent state-law claims) as to the pre-termination incidents (anything occurring before December 18, 2019, which is 300 days before the EEOC charge was filed).

        *c.*     *I grant summary judgment in the defendants' favor on Lall's termination-based ADA claims for discrimination and retaliation because she fails to meet her burden to show with specific, substantial evidence that The Cromwell's proffered reason for terminating her was pretextual.*

I discuss Lall's termination-based claims for discrimination and retaliation together. To succeed on either claim under the ADA, Lall has the initial burden to establish a prima facie case of each claim. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). To set forth a prima facie case of discrimination, Lall must show that she (1) is disabled within the meaning of the ADA, (2) is a qualified individual capable of performing the essential functions of her job with or without reasonable accommodations, and (3) was terminated because of her disability. *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1480–81 (9th Cir. 1996) (citation omitted). And to establish a prima facie case of retaliation, Lall must show that (1) she was engaged in an activity that the ADA protects, (2) the employer took an adverse employment action against her, and (3) a causal link exists between the protected activity and adverse action. *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004) (citing *Brown v. City of Tucson*, 336 F.3d 1181, 1186–87 (9th Cir. 2003)).

If the plaintiff meets her initial burden, the burden then shifts to the defendants to articulate a legitimate, non-discriminatory reason for the adverse employment action. *McDonnell Douglas*, 411 U.S. at 802. And if the defendants do so, then the burden shifts one final time back to the plaintiff to show that the proffered reason is pretextual. *Brown*, 336 F.3d at 1187–88.

It appears that the defendants do not dispute that Lall is disabled but do dispute that she was a qualified individual under the ADA. *See* ECF No. 73 at 24–29. So I assume arguendo that

---

have been unreasonable to expect the plaintiff to sue before the statute ran on such conduct."). But because such an argument was articulated only in a reply brief and again during oral argument—and because Lall conceded that the only timely incident was the termination itself, the pre-termination-based claim for harassment/hostile work environment cannot survive summary judgment.

Lall is a qualified individual, and my analysis progresses to the next step in the *McDonnell Douglas* burden-shifting scheme: whether the defendants have met their burden to articulate a legitimate, non-discriminatory reason for Lall's termination. *McDonnell Douglas*, 411 U.S. at 802. I find that they have. The Cromwell defendants indicate that their reason for terminating Lall was that she was subject to progressive disciplinary action because she received four cash variance violations in twelve months.[8] ECF No. 73 at 26–28. In disciplining her, the Cromwell defendants followed the variance policy that Lall received a copy of in January 2019, a year before she was fired. *Id.* at 13 (citing ECF No. 83 at 24–25). Lall seems to argue that there were accounting errors in the defendants' cash handling and tracking and that the cash variances did not actually occur. ECF No. 94 at 6–9. But she presents no evidence that she cited for the cash variances that ultimately contributed to her termination.

      The burden now shifts back to Lall to show with specific, substantial evidence that the proffered nondiscriminatory reason (here, the cash variances) was pretextual. *Brown*, 336 F.3d at 1188 ("Under Ninth Circuit law, '[c]ircumstantial evidence of pretext must be specific and substantial in order to survive summary judgment.'") (quoting *Bergene v. Salt River Agric. Improvement & Power Dist.*, 272 F.3d 1136, 1142 (9th Cir. 2001)). Lall insists that the defendants terminated her as retaliation for her seeking accommodations. But she fails to show that she sought accommodations, other than the one-time request she made to her supervisor in 2015 or 2016—four to five years before her termination—to use the guest restroom instead of the employee restroom. The Cromwell defendants provide evidence as to the ways in which The Cromwell accommodated Lall—despite her never submitting a request to human resources. ECF No. 73 at 6–7, 25–26. They explain, and Lall does not refute, that they worked with Lall regarding her medical condition (giving her leave, seeking medical attention for her, checking on her, sending her home when she had seizures, etc.). *Id.* Despite Lall's conclusory arguments that

---

[8] The defendants define a variance "as the difference between what a cash handling employee is accountable for and what the employee actually dropped into their revenue deposit bag." ECF No. 73 at 13.

The Cromwell did not engage in the interactive process with her, the evidence shows otherwise. The doctor's notes that Lall provided to The Cromwell indicated that she could return to work without any accommodations, and she testified to the same. ECF No. 83 at 43–44. The evidence supports the finding that Lall has failed to meet her burden of showing that the reason she was terminated was pretextual.

Lall has identified no factual dispute that would preclude summary judgment on these two claims. She has not shown either that a discriminatory reason more likely motivated the Cromwell defendants to terminate her or that The Cromwell's proffered explanation is "unworthy of credence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000). The court "is not required to comb the record to find some reason to deny a motion for summary judgment," *Forsberg v. Pac. Nw. Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988). So because Lall fails to show with specific, substantial evidence that The Cromwell's proffered reason for terminating her was pretextual, her claims for retaliation and discrimination—under the ADA and the state-equivalent claims—fail. I thus grant summary judgment on them in the defendants' favor.

> d. *I grant summary judgment in the Cromwell defendants' favor on Lall's termination-based ADA claim for harassment because Lall presents no evidence of a hostile work environment.*

As Lall points out in her motion, it is true that "[t]he Ninth Circuit has not yet conclusively determined whether a claim for hostile work environment exists under the ADA[.]" ECF No. 77 at 37 (citing *Anello v. Berryhill*, 2019 WL 285197 (N.D. Cal. Jan. 22, 2019)). The Fifth Circuit has recognized such a claim under the ADA—analogizing to similar claims under Title VII—and the parties agree that the elements of such a claim, as identified by the Fifth Circuit, control here. *Flowers v. S. Reg'l Physician Servs.*, 247 F.3d 229, 235–36 (5th Cir. 2001); ECF No. 73 at 29; ECF No. 77 at 37. To establish a prima facie case of harassment, the plaintiff must prove:

> (1) that she belongs to a protected group; (2) that she was subjected to unwelcome harassment; (3) that the harassment complained of was based on her disability or disabilities; (4) that the harassment complained of affected a term, condition, or privilege of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt, remedial action.

*Flowers*, 247 F.3d at 235–36 (quoting *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 563 (5th Cir. 1998).

The defendants argue that this claim fails as a matter of law because Lall fails to meet element three and "lacks evidence to support that the alleged harassment was due to her disability." ECF No. 73 at 29–30. They contend that many of her harassment allegations concern the conduct of Lall's fellow employees, not her supervisors or the defendants themselves. *Id.* at 29. Such conduct allegedly included other employees trying to take Lall's shifts and one employee videotaping Lall in the bathroom while she had a seizure. The defendants point out that "[b]y her own admission, [Lall's] managers did not engage in harassing conduct." *Id.* (citing ECF No. 83 at 54). The defendants assert that Lall's claims that she was harassed when she was sent home after having seizures do not amount to harassment and were, in fact, accommodations. *Id.* at 30. Finally, they explain that the only evidence supporting Lall's hostile-work-environment claim is her own testimony. *Id.* at 30. Lall responds that the defendants misrepresent her deposition testimony. ECF No. 94 at 31. She argues that the defendants "forced [her] to take leave against her will, accused her of using drugs and alcohol because of her tremors, disciplined her for going home during her shift against her will, and issued a flurry of disciplines in 2019 to lay pretext to terminate her employment[.]" *Id.*

Lall provides no evidence that she was harassed either by Cromwell management or her fellow employees. The only support for her claim comes from her own deposition testimony. *See* ECF No. 83 at 54–55. The Ninth Circuit "has refused to find a 'genuine issue' where the only evidence presented is 'uncorroborated and self-serving' testimony." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Kennedy*, 90 F.3d at 1481). And nothing in Lall's declaration indicates that Cromwell employees "harassed" her based on her cancer diagnosis. So because Lall's harassment claim lacks evidentiary support—and there is thus no genuine dispute of material fact as to whether she was harassed—I grant the defendants summary judgment on this claim.

## II. Conclusion

IT IS THEREFORE ORDERED that the Cromwell defendants' motion for summary judgment [ECF No. 73] is GRANTED.

IT IS FURTHER ORDERED that Lall's motion for partial summary judgment [ECF No. 77] is DENIED.

The Clerk of Court is directed to enter judgment accordingly and CLOSE THIS CASE.

DATED: March 20, 2023

_____
Cristina D. Silva
United States District Judge